IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-24254-JG

MARCO J. HERNANDEZ,

    Plaintiff,

vs.

J.P. MORGAN CHASE BANK N.A.,
A Delaware Corporation,
BAYVIEW LOAN SERVICING LLC,
A Delaware Limited Liability Company, and
MANUFACTURERS and
TRADERS TRUST COMPANY, d/b/a M and T
BANK, A New York Corporation, and
    Defendants.
_____/

**PLAINTIFF MARCO J. HERNANDEZ'S SURREPLY REGARDING DEFENDANT J.P. MORGAN CHASE BANK, N.A.'S RULE 12(B)(6) MOTION.**

Plaintiff Marco Hernandez, by and through undersigned counsel, and as permitted by this Court's order at D.E. 55, hereby serves his surreply regarding Defendant J.P Morgan Chase's (Chase) Rule 12(b)(6) motion, and briefly addresses the recent order in *Nunez v. J.P. Morgan Chase Bank, N.A.* (M.D. Fla. Case No. (6:14 –cv-1485-ORL). Chase incorporates that Order as an exhibit to its Reply in this case. (D.E. 53-1). Chase cites *Nunez* in support of the proposition that it cannot be held liable for a violation of RESPA where it conducts a "detailed and thorough" investigation into a Notice of Error. Plaintiff agrees that *if* Chase had in fact conducted a "detailed and thorough" investigation, then it likely would also have conducted the "reasonable" investigation that RESPA and Regulation X requires. But of course, Plaintiff contends that Chase did not conduct *any* investigation, much less a "detailed", "thorough", or reasonable investigation in the case at bar.

The problem with *Nunez* however is that Court in that case improperly reached its conclusion regarding the sufficiency of Chase's purported investigation in that matter by disregarding the express allegations of the RESPA plaintiff's operative Complaint, and drawing unreasonable factual inferences in Chase's favor. Accordingly, the *Nunez* Plaintiff has sought reconsideration of that order under Rule 59. A true and correct copy of the *Nunez* Plaintiff's motion is attached hereto as Exhibit "A."   Here, the Court should decline Chase's invitation to take a similar impermissible short cut, and reserve any decision concerning the reasonableness of Chase's investigation until all parties have had the opportunity to present evidence at an appropriate stage in the proceedings.

Respectfully Submitted,

THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.

1999 N. University Drive. Ste. 213
CORAL SPRINGS, FL 33071
Phone:  (954) 942-5270
Fax:      (954) 942-5272
Email:   jgolant@jeffreygolantlaw.com
By: **/S/ JEFFREY N. GOLANT ESQ.**
Fla. Bar. No. 0707732
Counsel for Plaintiff Marco Hernandez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Surreply was filed using CM/ECF and served upon all counsel of record by Notice of Electronic Filing generated by CM/ECF on April 22nd,  2015:

Matthew Joseph McGuane
Wargo & French, LLP
201 South Biscayne Boulevard
Suite 1000
Miami, FL 33131
305-777-6000
Fax: 305-777-6001
Email: mmcguane@wargofrench.com
Attorney for Defendant J.P. Morgan Chase N.A.

Stacey F. Soloff
Tabas, Freedman & Soloff, P.A.
One Flagler Building
14 Northeast First Avenue, Penthouse
Miami, FL 33132
305-375-8171
Fax: 381-7708
Email: stacey@tfsmlaw.com
Attorney for Bayview Loan Servicing LLC.

**/S/ Jeffrey Golant**