UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24254-CIV-GOODMAN

**[CONSENT CASE]**

MARCO J. HERNANDEZ,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK N.A.,

    Defendant.

_____/

**ORDER STRIKING PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Approximately eight weeks after Defendant filed its reply [ECF No. 98] memorandum in support of its motion to dismiss [ECF No. 93] the Third Amended Complaint [ECF No. 84], Plaintiff submitted a Notice of Supplemental Authority [ECF No. 105] concerning the motion to dismiss. However, rather than merely bringing a subsequent opinion of the Eleventh Circuit that Plaintiff found relevant to the Court's attention, Plaintiff accompanied this new authority with a three page memorandum that is, for all intents and purposes, a supplemental *memorandum* or surreply.

Local Rule 7.1(c) authorizes only opposing and reply briefs. The rule is clear that "no further or additional memoranda of law shall be filed without prior leave of Court." Local Rule 7.1(c). Notices of supplemental authority, however, do not fall within the purview of the rule. *Pellegrino v. Koeckritz Dev. of Boca Raton, LLC,* No. 08-80164-CIV,

2008 WL 4753726, at *2 n. 2 (S.D. Fla. Oct. 27, 2008); *see also Williams v. Heritage Operating, L.P.*, No. 8:07CV977 T24MSS, 2007 WL 2302131, at *1 (M.D. Fla. Aug. 8, 2007) (analyzing analogous Middle District rule and noting that notices of supplemental authority do not fall within the purview of that rule).

"[S]upplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains." *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011). Beyond that, supplemental filings should do nothing more. *Id*. In particular, they should not make legal arguments. *Girard*, 2011 WL 4345443, at *2-3; *Pellegrino*, 2008 WL 4753726, at *2 n. 2.

The case attached to the Notice is appropriate for submission to the District Court. Specifically, Plaintiff's response to the motion to dismiss was filed on March 7, 2016, while the cases in the Notice was decided on May 12, 2016. Thus, the case could not have been known to exist at the time of Plaintiff's response. As such, it constitutes new legal authority and will not be stricken. *Girard*, 2011 WL 4345443, at *3.

As for the remainder of the Notice, the Undersigned cannot reach the same conclusion. "Even the most superficial review of the notice[] reveal[s] that [it] contain[s] legal arguments." *Girard*, 2011 WL 4345443, at *3. Three pages of quotations and Plaintiff's gloss as to the meaning of this case does not constitute an appropriate

"Notice." Because Plaintiffs' Notice contains legal argument, it is, for all intents and purposes, more akin to an unauthorized surreply. Consequently, because Plaintiffs' Notice contains a surfeit of legal arguments, this part of the Notice must be stricken. *Girard*, 2011 WL 4345443, at *3.

The case attached to the Notice [ECF No. 105-1] will not be stricken, but the Notice [ECF No. 105] is hereby **stricken**.

**DONE AND ORDERED** in Chambers, Miami, Florida, May 13, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record