UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24254-CIV-GOODMAN

[CONSENT CASE]

MARCO J. HERNANDEZ,

   Plaintiff,

v.

J.P. MORGAN CHASE BANK N.A.,

   Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION TO STRIKE

J.P. Morgan Chase Bank, N.A. ("Defendant" or "Chase") filed a summary judgment motion on May 13, 2016. [ECF No. 106]. Marco J. Hernandez ("Plaintiff") filed a Response to Defendant's summary judgment motion on June 3, 2016. [ECF No. 117]. On June 15, 2016, Defendant filed an Objection to and Motion to Strike Plaintiff's Inadmissible Evidence in Opposition to Chase's Motion for Summary Judgment (the "Motion to Strike"), contesting five exhibits relied upon by Plaintiff in his opposition response. [ECF No. 127].

For the reasons outlined below, the Court **grants in part** and **denies in part** Defendant's Motion to Strike. Specifically, correspondences sent by Brown & Brown, Inc. [ECF No. 120-1] (the "Brown & Brown Correspondences") and a website printout

1

appearing to be from a Freddie Mac website [ECF No. 81-5] (the "Website Printout") are **stricken**. The other challenged exhibits [ECF Nos. 81-3; 97-2; 120-2] are available to support Plaintiff's opposition to the summary judgment motion.

I.     LEGAL STANDARD

Generally, to "be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010); *see also Wells v. XPEDX*, 8:05-CV-2193-T-EAJ, 2007 WL 2696566, at *2 (M.D. Fla. Sept. 11, 2007).

Still, trial courts have "broad discretion in determining the admissibility of evidence[.]" *United States v. Zapata*, 139 F.2d 1355, 1357 (11th Cir. 1998) (per curiam); *see also United States v. Williford*, 764 F.2d 1494, 1497 (11th Cir. 1985). Evidentiary rulings by the district courts are reviewed by appellate courts "for clear abuse of discretion." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006). "A district court abuses its discretion to admit relevant evidence when its decision rests on a clearly erroneous fact-finding[.]" *Bhogaita v. Altamonte Heights Condominium Ass'n, Inc.*, 765 F.3d 1277, 1291 (11th Cir. 2014).[1]

---

[1]     "To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week old, unrefrigerated dead fish." *Cox Enters., Inc. v. News-Journal*

## II.     DISCUSSION

Defendants ask the Court, [ECF No. 127], to strike five exhibits offered by Plaintiff in opposition to the summary judgment motion: (1) the Brown & Brown Correspondences [ECF No. 120-1]; (2) the Federal Housing Finance Agency Office of Inspector General's June 2014 evaluative report entitled "FHFA's Oversight of the Enterprises' Lender-Placed Insurance Costs" [ECF No. 120-2] (the "FHFA OIG Report"); (3) written testimony given by Robert A. Segnini to the New York State Department of Financial Services Financial Frauds & Consumer Protection Division, Public Hearing on Lender Placed Insurance [ECF No. 81-3] (the "Segnini Testimony"); (4) the Website Printout [ECF No. 81-5]; and (5) a letter from American Security Insurance Agency [ECF No. 97-2] (the "ASIA Letter").

### 1.  *The Brown & Brown Correspondences*

Plaintiff relies on the Brown & Brown Correspondences as evidence of continuous coverage. [ECF No. 118, p. 4]. Although one of the documents mentions a subpoena [ECF No. 120-1, p. 2], there is no subpoena attached to any of the pages. Moreover, there is no affidavit attached to the correspondences. Given the lack of an affidavit in compliance with Federal Rule of Civil Procedure 56(e), and the absence of any other meaningful way to verify the content of the correspondences, the documents are not properly authenticated and will not be considered by this Court when assessing

---

*Corp.*, 794 F.3d 1259, 1272, n. 92 (11th Cir. 2015) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

the summary judgment motion. *See Saunders*, 360 F. App'x at 113; *see also Wells*, 2007 WL 2696566, at *2.

### 2. *The FHFA OIG Report*

Plaintiff relies on the FHFA OIG Report to support allegations that Defendant engaged in abusive force-placed insurance practices. [ECF No. 118, p. 11]. No affidavit is attached to the FHFA OIG Report, but the FHFA OIG's seal is affixed to the first three pages of the report [ECF No. 120-2, pp. 1-3] and appears at the top of a memorandum on the twenty-third page of the report [*Id.*, at p. 23].

Federal Rule of Evidence 902 states that documents bearing "a seal purporting to be that of the United States . . . [or] a political subdivision" of the United States "require no extrinsic evidence of authenticity in order to be admitted. Fed. R. Evid. 902(1)(a). Thus, because the seal purports to be that of the FHFA OIG, no affidavit is required to authenticate the validity of the report, and thus the exhibit will not be stricken.

### 3. *The Segnini Testimony*

The Segnini Testimony is not supported by an affidavit of authenticity. However, the document itself contains a cover sheet, signed on behalf of the law firm Debevoise & Plimpton LLP ("Debevoise"), confirming that the enclosed documents contain the written testimony submitted by Robert A. Segnini. [ECF No. 81-3, p. 1]. The cover letter [ECF No. 81-3, p. 1] accompanying the written testimony represents to state regulators that the contents of the testimony is written testimony provided by Mr. Segnini.

Debevoise, on whose letterhead the cover letter is drafted, is a well-known international law firm, whose attestation about the nature of the document carries weight with this Court.

Additionally, the documents, and the cover letter, were sent by Debevoise to the New York State Department of Financial Services, which acknowledged receipt of the documents with the official stamps on the first page: "RECEIVED" and "EXECUTIVE OFFICE" along with "NYS DEPT OF FINANCIAL SERVICES". [ECF No. 81-3, p. 1]. Accordingly, the Court is not concerned that the document is not what Plaintiff describes it to be in his response. Therefore, the Undersigned finds the Segnini Testimony sufficiently authenticated to be submitted with the summary judgment opposition. Thus, invoking the broad discretion afforded to trial courts on evidentiary rulings, the Undersigned finds that this exhibit is sufficiently authenticated notwithstanding the lack of an affidavit.

Lastly, concerning Defendant's hearsay argument, this evidence is an opposing party's statement admissible under Federal Rule of Evidence 801(2). The Segnini Testimony is a statement "offered against an opposing party" (i.e. offered by Plaintiff against Defendant) and is a statement made by an agent of Defendant on its behalf (i.e. Robert A. Segnini opens his written remarks with the words, "[o]n behalf of **Chase** Insurance Agency . . ." [ECF No. 81-3, p. 2] (emphasis supplied)). Thus, this testimony does not constitute hearsay pursuant to Rule 801(2).

### 4. *The Website Printout*

The Website Printout is comprised of two pages from what appears to be a Freddie Mac website, indicating that *someone*'s mortgage is owned by Freddie Mac. [ECF No. 81-5]. But there is no affidavit attached to the printout, despite Plaintiff's assertion to the contrary in its Response to the Motion to Strike. [ECF No. 131, p. 5]. There is essentially *no* information on the Website Printout which contains any reference to *this* particular Plaintiff, his particular loan number, his particular property address, or Defendant's connection to any loan.

Thus, the Court has no basis for verifying whether Plaintiff's loan is the one at issue in the Website Printout. Without further information, the Website Printout could be referring to *any* loan. Thus, the Undersigned has significant authenticity concerns. The Website Printout is not sufficiently authenticated and I therefore **strike** it.

### 5. *The ASIA Letter*

There is no affidavit attached to the ASIA Letter which might, per *Saunders*, authenticate its content. *See Saunders*, 360 F. App'x at 113. However, using the broad discretion authority applicable here, the Undersigned will not strike the ASIA Letter. Unlike the Website Printout evidence, the ASIA Letter identifies a specific borrower (Plaintiff), pinpoints a specific property address and references a specific loan number, all of which serve to ameliorate authenticity concerns. Furthermore, Defendant does not actually contend that the document is not authentic, but, rather, it offers only a purely

technical challenge -- that an affidavit does not accompany the document so it should be stricken. I reject that argument and for the foregoing reasons I will not strike it.

### III. CONCLUSION

For the reasons stated above, this Court **grants in part** and **denies in part** Defendant's Motion to Strike [ECF No. 127]. In particular, the Brown & Brown Correspondences [ECF No. 120-1] and the Website Printout [ECF No. 81-5] are **stricken**, while the remaining exhibits remain in the record as part of Plaintiff's opposition to the summary judgment motion.

**DONE and ORDERED,** in Chambers, in Miami, Florida, June 30, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record